IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**IKECHUKWU HYGINUS OKORIE**                                                                 **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 2:24-cv-35-TBM-RPM

**CITIZENS BANK** *et al.*                                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Dr. Ikechukwu Hyginus Okorie is seeking a temporary restraining order or preliminary injunction to set aside the foreclosure sale of a piece of commercial property, formally owned by him and located at 3700 Hardy Street, in Hattiesburg, Mississippi.

This Motion [10] represents just the latest in a long line of motions and separate civil actions filed by Dr. Okorie related to his years-long bankruptcy—a bankruptcy tied to various commercial loans and properties across the country. Most of the facts and history that relate to this case were exhaustively detailed by the Bankruptcy Court in *In re Okorie*, No. 19-50379-KMS, 2023 WL 7311173, at *1 (Bankr. S.D. Miss. Nov. 6, 2023). Therefore, the facts will be limited only to those necessary to rule on this Motion.

On March 26, 2021, Citizens Bank, one of Dr. Okorie's bankruptcy creditors, filed a motion for relief from the automatic stay and abandonment regarding the 3700 Hardy Street property. *In re Okorie*, 2023 WL 7311173, at *8. Dr. Okorie, nor the Trustee, opposed the motion, and an order granting the same was entered on May 17, 2021. *Id.* Following the abandonment of the 3700 Hardy Street property from the bankruptcy estate, Dr. Okorie and Citizens Bank signed a reaffirmation agreement, combining the real property loan with an equipment loan guaranteed by Dr. Okorie. *Id.*

Years later, as the proceedings appeared to be winding down, Dr. Okorie moved for a preliminary injunction and a stay of the foreclosure proceeding on the 3700 Hardy Street property, initiated by Citizens Bank on June 7, 2023. *See In re Okorie,* 23-06017-KMS [Doc. No. 18], p. 3 (Bankr. S.D. Miss. July 14, 2023). The Bankruptcy Court denied his request, and Dr. Okorie appealed to this Court on July 17, 2023. *Okorie v. Citizens Fin. Grp., Inc.*, No. 2:23-CV-100-TBM-RPM, 2023 WL 6214032, at *1 (S.D. Miss. July 20, 2023), *appeal dismissed sub nom. Matter of Okorie*, No. 23-60505, 2023 WL 10416030 (5th Cir. Nov. 15, 2023). This Court reviewed the Bankruptcy Court's decision and affirmed it. *Id.* Last week, on March 28, 2024, the foreclosure sale of the 3700 Hardy Street property was finally conducted, and the property was sold to James Poncho. [10], p. 3.

Dr. Okorie then filed this action, alleging violations of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act, as well as violations of state law.[1] [1]. It is uncertain from the Complaint whether these violations trace to the Bankruptcy Court's Order lifting the automatic stay in May 2021, an underlying state court action for quiet title to the 3700 Hardy Street property currently on appeal, or both. In any event, Dr. Okorie now seeks another temporary restraining order or preliminary injunction, this time to set aside the foreclosure sale to Mr. Poncho. [10]. Dr. Okorie has also filed a separate suit against Mr. Poncho. *Okorie v. Poncho*, 2:24-cv-00052-TBM-RPM (S.D. Miss. April 1, 2024). For the reasons discussed below, Dr. Okorie's Motion [10] is denied.

---

[1] This suit is one of many Dr. Okorie has filed. Since January 2017, Dr. Okorie has filed more than thirty lawsuits either as an individual or on behalf of his wholly owned LLCs. He has allegedly sued federal, state, and local agencies, the Trustee, other private individuals and entities, at least ten of his lenders, and several of their attorneys. *See In re Okorie*, 19-50379-KMS [Doc. No. 922], p. 1 (October 19, 2023). He has brought claims in state court and federal court, and pursued appeals to the Mississippi Supreme Court, the United States District Court, the Fifth Circuit, and the United States Supreme Court. *Id.* In the Bankruptcy Court alone Dr. Okorie has filed three bankruptcy cases, six adversary proceedings, fifteen objections to claims, and countless motions for sanctions and stay violations—many of which were found to be frivolous. *Id.* at p. 2. In fact, over the course of approximately nine months, and since filing his first motion to stay the 3700 Hardy Street property foreclosure in June 2023, Dr. Okorie has filed more than 126 complaints, motions, objections, responses, and replies. *In re Okorie*, 19-50379-KMS [Doc. No. 1198], p. 6 (March 25, 2024). According to the Bankruptcy Court, so frivolous and numerous were Dr. Okorie's filings, that on March 25, 2024, the Bankruptcy Court granted sanctions against Dr. Okorie in the amount of $78,533.27, as well as implemented a pre-filing injunction against Dr. Okorie. *Id.* at p. 12-14.

## ANALYSIS

Obtaining a preliminary injunction requires that Dr. Okorie show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his substantial injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenzio v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018). As previously found by the Bankruptcy Court, and affirmed by this Court, Dr. Okorie stumbles at the first element, as he has not offered a sufficient path to prevailing on the merits. Because the Complaint is unclear whether these allegations relate to the Bankruptcy Court's May 2021 Order or the underlying state court action, this Court will briefly address both.

As relates to the Bankruptcy Court Order, Dr. Okorie has no chance of success on the merits because there was no automatic stay in effect for Citizens Bank to allegedly violate. And therefore, no grounds for injunctive relief. Once Citizens Bank's unopposed motion for relief from stay and abandonment regarding the 3700 Hardy Street Property was granted, the property was deemed abandoned, and was removed from the bankruptcy estate. *See In re Okorie,* 23-06017-KMS [Doc. No. 18], p. 3 (Bankr. S.D. Miss. July 14, 2023). After which, jurisdiction ceased, Dr. Okorie received his discharge, and Citizens Bank initiated foreclosure proceedings in June 2023. *Id.* These foreclosure proceedings were the basis for Dr. Okorie's previous attempt at injunctive relief, which was denied by the Bankruptcy Court, and later affirmed by this Court.[2] *Okorie*, 2023 WL 6214032, at *2; *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F3d 380, 385 (5th Cir. 2008) (noting that abandonment divests the trustee of control of the property because it is no longer part of the estate); *In re Roberdeau*, 83 F. App'x 664, *1 (5th Cir. 2003) (finding that in a case of intentional abandonment, the bankruptcy court correctly

---

[2] Dr. Okorie's appeal from this Court was later dismissed by the Fifth Circuit. *Matter of Okorie*, No. 23-60505, 2023 WL 10416030, at *1 (5th Cir. Nov. 15, 2023).

concluded that the abandonment was final upon entry of its order and that it had no authority to grant relief related to that property).

Here, the Court denies Dr. Okorie's Motion for similar reasons—once the automatic stay was terminated and the property abandoned by the Trustee, it was no longer property of the estate, and jurisdiction ceased. But even if the automatic stay were in effect—which it is not—Dr. Okorie still does not present a path to success on the merits because his Complaint amounts to conclusory allegations involving long-settled claims. These claims include a dispute over his debt obligations to Citizens Bank and allegations that the automatic stay is still somehow in effect, despite orders from both the Bankruptcy Court and this Court to the contrary. *Okorie*, 2023 WL 6214032, at *1. Also, Dr. Okorie does not specifically challenge any of the findings of the Bankruptcy Court, or allege any facts that the 3700 Hardy Street property was *not* abandoned and thus outside the bankruptcy estate and the Bankruptcy Court's jurisdiction.

Ultimately, these threadbare allegations, in addition to being unsupported, are insufficient to warrant injunctive relieve. *See Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (finding that mere speculation or conclusory allegations of an irreparable injury is insufficient); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (noting that conclusory allegations of irreparable harm do not entitled movant to injunctive relief). Accordingly, Dr. Okorie has not proved he has any chance of success, either jurisdictionally or on the merits as relates to the Bankruptcy Court Order. And he is not entitled to preliminary injunctive relief.

Nor has Dr. Okorie shown that he can succeed on the merits on claims related to the underlying quiet title state court action, regardless of jurisdiction.[3] Dr. Okorie's Complaint focuses on the

---

[3] Jurisdiction may still be proper for these claims because Dr. Okorie claims federal question jurisdiction under 28 U.S.C. Section 1331, through alleged violations of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act. [1], p. 2.

Defendants' alleged misdeeds related to that suit—charges of various accounting errors, false or misleading statements, failure to review updated information, and acquiescing or failing to check other Defendants' attempt to foreclose on the 3700 Hardy Street property. [10], p. 4-9. But Dr. Okorie alleges no real evidence of these actions. So aside from other potential stumbling blocks,[4] Dr. Okorie does not allege any facts required to justify an injunction for claims related to the underlying state court suit.[5] *See Lakedreams*, 932 F.2d at 1107. And this Court declines to issue one.

Similarly, to the extent there are additional allegations, those allegations also fail to demonstrate how Dr. Okorie can succeed on the merits. There are no facts or law put forward at this stage of the proceedings that would justify an injunction.

## CONCLUSION

IT IS ORDERED that Dr. Okorie's Amended Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction [10] is DENIED.

IT IS FURTHER ORDERED that Dr. Okorie's Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction [7] is DISMISSED AS MOOT.

THIS, the 5th day of April, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[4] Review of the quiet title state court action might also run aground of the *Rooker–Feldman* doctrine, at least in part. "[T]he *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" except when authorized by Congress. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

[5] Additionally, Dr. Okorie has not requested a hearing on his Motion or notified the Court that he intends to submit any further evidence to support his claims.