# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**IKECHUKWU HYGINIUS OKORIE**                                            **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 2:24-cv-35-TBM-RPM**

**CITIZENS BANK** *et al*.                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is *pro se* Plaintiff Dr. Ikechukwu Hyginus Okorie's [36] Motion for Recusal of the undersigned judge. Dr. Okorie accuses the undersigned of impartiality on two grounds. The first ground is based on this Court—in an Order—citing a bankruptcy court opinion, which addressed the numerous cases and motions that Dr. Okorie has filed, where the bankruptcy court called many of those filings "frivolous." The second is that the undersigned judge has previously chosen to recuse from just one other of the many cases involving Dr. Okorie, and such recusal allegedly underscores the need for addressing partiality in this case. After review of the motion and applicable law, Dr. Okorie's Motion for Recusal is denied.

## I. BACKGROUND

On March 8, 2024, Dr. Okorie filed this present action against Citizens Bank and five other Defendants. On March 29, 2024, Dr. Okorie filed an Emergency Motion [7] for Temporary Restraining Order and a Motion for Preliminary Injunction against the Defendants, which was denied by this Court in its Order dated April 5, 2024. [13]. In the April 5th Order, the Court detailed its reasons for denying Dr. Okorie's Motion [7]. [13]. But in footnote one, the Court also cited a bankruptcy decision that noted the numerous filings Dr. Okorie has made in the bankruptcy court, where that court found many of those filings to be frivolous.

After the Court entered its April 5th Order, Dr. Okorie filed this Motion for Recusal on May 2, 2024. Along with Dr. Okorie's Motion for Recusal, he attached two exhibits. Exhibit "A" is the Court's April 5th Order, and Exhibit "B" is an Order of Recusal signed by the undersigned judge in a previous case. In his Motion, Dr. Okorie argues two grounds of "substantial concern" that the undersigned judge is biased and unable to remain impartial in this current proceeding.

Dr. Okorie first argues that, in the Court's April 5th Order denying the [7] Emergency Motion for Temporary Restraining Order and a Motion for Preliminary Injunction, the Court stated that "[t]his motion represents just the latest in a long line of motions and separate civil actions filed by Dr. Okorie related to his years-long bankruptcy." [13], p. 1. Also, within the Order—in the first footnote—the Court cited one of the bankruptcy court's decisions where it stated that "Dr. Okorie has filed three bankruptcy cases, six adversary proceedings, fifteen objections to claims, and countless motions for sanctions and stay violations—many of which were found to be frivolous." *See In re Okorie*, 19-50379-KMS [Doc. No. 922], p. 2 (October 19, 2023).

Secondly, Dr. Okorie argues that the undersigned judge's prior recusal in a separate case involving Dr. Okorie is grounds for recusal here. Dr. Okorie states that "[w]hile the specific reasons for recusal in that case are not stated, the existence of this Order underscores the importance of ensuring an impartial judiciary and the necessity of addressing similar concerns in the present case." [36], p. 2.

## II. ANALYSIS

Dr. Okorie seeks disqualification under 28 U.S.C. § 455. Section 455(a)—the catchall portion of the statute—which provides that "any justice, judge, or magistrate judge of the United

2

States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) is more specific, and states that a judge should disqualify due to five enumerated reasons.[1] Here, Dr. Okorie does not allege that the recusal should happen based on Section 455(b), but just generally cites Section 455. [36], p. 1. Therefore, this Court's analysis will focus on Section 455(a), the catchall provision.

To begin, the trial judge to whom a motion to recuse is directed is the proper judge to rule on the motion and generally should not refer the motion to another judge. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 963 n. 9 (5th Cir. 1980). Further, a motion to recuse under Section 455(a) is committed to the discretion of the district judge and denial will be reversed only upon a showing of abuse of discretion. *Garcia v. Woman's Hosp. of Texas*, 143 F.3d 227, 229-30 (5th Cir. 1998).

The United States Supreme Court has explained the goal of Section 455(a) is "to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 2203, 100 L. Ed. 2d 855 (1988). The Supreme Court added that,

> [i]f it would appear to a reasonable person that a judge has knowledge of facts that would ***give him an interest in the litigation*** then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.

*Id.* (emphasis added); *Hall v. Small Bus. Admin.*, 695 F.2d 175, 179 (5th Cir. 1983) (finding that Section 455 requires the judge to disqualify himself if a reasonable person, knowing all the

---

[1] The undersigned finds that he does not need to recuse under Section 455(b) because there is no basis under any of the enumerated reasons. 28 U.S.C. § 455(b).

3

circumstances, would harbor doubts about his impartiality).

To add clarity, for a judge to be disqualified for bias or prejudice under Section 455, the bias or prejudice often must be "personal," rather than "judicial." § 3542 Grounds for Disqualification—Bias or Prejudice, 13D Fed. Prac. & Proc. Juris. § 3542 (3d ed.). Justice Kennedy, concurring in *Liteky*, wrote that "[Section] 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings," such that recusal was required "if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 557-58, 114 S. Ct. 1147, 1158, 127 L. Ed. 2d 474 (1994) (Kennedy, J., concurring). The party moving for recusal has the burden of proving by clear and convincing evidence that the judge has displayed impartiality and failed to discharge the duty under Section 455. *Kinnear-Weed Corp. v. Humble Oil & Refin. Co.*, 441 F.2d 631, 634 (5th Cir. 1971).

**A. The alleged impartiality based on the bankruptcy court's finding of frivolousness**

The Fifth Circuit has stated that not all favorable or unfavorable opinions can be described as bias or partiality within the meaning of Section 455(a). *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021). Accordingly, a judge is not generally required to recuse for bias, even if the judge is "exceedingly ill disposed towards the defendant," when the judge's "knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]" *Brocato*, 4 F.4th at 302 (citing *Liteky*, 510 U.S. at 550-51). Instead, "[r]ecusal can be based on extrajudicial factors (bias based on family relationships or other extra[]judicial influences) or intrajudicial

4

factors (bias based on 'facts introduced or events occurring in the course of the current proceedings, or of prior proceedings')." *Stringer v. Astrue*, 252 F. App'x 645, 647-48 (5th Cir. 2007) (citing *Liteky*, 510 U.S. at 555).

A party moving for recusal should often first show that the judge's opinion or views are "extrajudicial." *Liteky*, 510 U.S. at 551; *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). An opinion is not extrajudicial—but rather intrajudicial—if it was "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings." *Id.* at 555. Intrajudicial facts "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Here, Dr. Okorie alleges that the undersigned is impartial because the Court cited to an opinion where the **bankruptcy court** called a large number of Dr. Okorie's filings "frivolous." [13], p. 2. This claim is based on intrajudicial factors because it was information gained in this Court's official judicial capacity that was based on an action before the United States Bankruptcy Court related to Dr. Okorie's years long bankruptcy. *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion [because] . . . [i]n and of themselves they cannot possibly show reliance upon an extrajudicial source); *United States v. Reagan*, 725 F.3d 471, 491 (5th Cir. 2013) ("[a]s a general rule, for purposes of recusal, a judge's personal knowledge of evidentiary facts means extrajudicial, so facts learned by a judge in his or her judicial capacity regarding the parties before the court . . . cannot be the basis for disqualification.") (internal citations omitted); *Lac Du Flambeau Band of Lake Superior Chippewa*

5

*Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1255–56 (7th Cir. 1993) ("Facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.") (internal citations omitted). So, for Dr. Okorie to succeed on a valid claim of impartiality based on intrajudicial factors he would have to show that the Court has such a deep-seated favoritism or antagonism that would make fair judgment impossible. *Andrade*, 338 F.3d at 455.

The Fifth Circuit dealt with a similar issue in *Tejero*, where plaintiff's counsel argued that the judge looked beyond the record, which illustrated impartiality. *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020). The knowledge at issue was a list of cases in which certain attorneys had acted as plaintiff's counsel. *Id.* at 463-64. The Fifth Circuit held that even though the judge "looked beyond the record" in *Tejero* to compile the list, the knowledge was not "extrajudicial" because the list of cases "was simply a record generated by the ECF system" for the district court, and the judge's "method of compiling the list of cases was evenhanded and well within the normal day-to-day activities of a judge presiding over a similar case" and therefore not "problematic." *Id.*; *United States v. Reagan*, 725 F.3d 471, 491 (5th Cir. 2013) (holding that information about a party gained from an unrelated trial was not extrajudicial).

The United States District Court for the District of Columbia also explored a similar issue in which a court cited other court rulings in its opinions involving the same party. *Walsh v. Comey*, 110 F. Supp. 3d 73 (D.D.C. 2015). In *Walsh*, the plaintiff moved for recusal of the district court judge based on partiality because the judge described plaintiff's current and previous lawsuits as "frivolous," "fanciful," and "fantastical." *Id.* at 76. But the court found that the judge's

6

assertions were supported by the opinions of several courts—facing the same party—who found many of the party's filings frivolous and unsupported in the law. *Id.* (collecting cases).

Here, unlike in *Walsh*, this Court did not call Dr. Okorie's current case frivolous. In fact, this Court cited another court's findings of Dr. Okorie's previous actions within the judicial system. [13], p. 2. The opinion cited by this Court was an opinion found within the ECF system, similar to the *Tejero* case. *Tejero*, 955 F.3d at 464. And even if this Court would have called one of Dr. Okorie's filings frivolous, a claim of partiality would still fail to be compelling because this Court can rely on other courts' opinions—who might have found the same—to support its own opinion. *Walsh*, 110 F. Supp. 3d at 76. Further, as the burden of proof is on Dr. Okorie, he has not pointed to any evidence that the undersigned judge has displayed "deep-seated favoritism or antagonism," which is required for bias claims based on intrajudicial factors. *Liteky*, 510 U.S. at 555.

Alternatively, even if the bankruptcy court's opinion could have been considered "extrajudicial," Dr. Okorie has not met the test outlined by the Fifth Circuit to successfully show recusal is required. The Fifth Circuit has stated that for a movant to be successful on a motion for recusal based on extrajudicial factors, they must (1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard. *Andrade*, 338 F.3d at 455. Recusal is also required only for "personal, extrajudicial bias." *United States v. Gonzalez*, 348 F. App'x 4, 6 (5th Cir. 2009). Here, even assuming that the bankruptcy court's opinion was extrajudicial, which it was not, the citing of the bankruptcy opinion still would have to be placed into the context

7

of the entire proceeding and evaluated, by an objective observer's standard, to determine whether partiality is present. *Id.* ("review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents.") (cleaned up); *Liljeberg*, 486 U.S. at 860-61 (finding that the objective observer's standard is whether a reasonable person, with knowledge of all the facts, would have doubts concerning the judge's ability to be impartial). To be sure, Dr. Okorie fails to meet the test set out in *Andrade*.

Additionally, Dr. Okorie's subjective feelings of "substantial doubt" does not equate to personal, extrajudicial bias just because the Court cited a bankruptcy opinion in the April 5th Order. *Gonzales*, 348 F. App'x at 6. And the Court's reference to the bankruptcy opinion has created no personal feelings from this Court against Dr. Okorie or any other party. Further, the Supreme Court of the United States has stated that even the presence of extrajudicial facts, without something more, does not suffice to show bias. *Liteky*, 510 U.S. at 554.

Accordingly, Dr. Okorie's first ground for the undersigned judge's recusal is unfounded and has no basis in the law.

### B. The alleged impartiality based on the undersigned judge's prior recusal in a separate case

Dr. Okorie's second claim of impartiality is based on a case filed by Dr. Okorie in November 2023, where the undersigned chose to recuse from presiding over the matter.

The fact that a judge has previously recused himself from a prior case does not mean he must recuse himself from a case involving one of the same parties unless he has some personal interest in the litigation. *Diversified Numismatics, Inc. v. City of Orlando, FL.*, 949 F.2d 382, 384-85 (11th Cir. 1991) (the fact that the judge recused himself from three prior cases in which counsel

8

was involved and stated that he was recusing himself because of his feeling that he might be biased against counsel because of counsel's unprofessional conduct, did not require him to recuse himself in all further cases in which that counsel was involved); *Person v. Gen. Motors Corp.*, 730 F. Supp. 516, 518-19 (W.D.N.Y.1990) (stating that a judge's recusal in a prior case involving a party is not alone sufficient for disqualification in a later case involving that party).

To be sure, the Fifth Circuit has already analyzed a similar argument. In *Merkt*, the defendants moved for the recusal of the trial court judge under 28 U.S.C. § 455 and Section 144. *United States v. Merkt*, 794 F.2d 950, 959 (5th Cir. 1986). One of the grounds for the defendants' motion for recusal was that the district court judge "had acknowledged his personal bias by recusing himself, upon his own motion, in another case in which [one of the defendants] was [a party]." *Id.* at 960. The district court denied the motion for recusal and after sentencing, the parties appealed the action on numerous grounds, including the denial of the motion for recusal. *Id.* at 954, 960. The Fifth Circuit upheld the denial of the motion for recusal. *Id.* at 960. It found that the district court's recusal in a previous case, in which one of the defendants was a party, was not enough to show personal bias to recuse in subsequent cases. *Id.* It further found that the defendants had not shown, by affidavit or otherwise, that the judge's impartiality might reasonably be questioned or that the judge had a personal bias or prejudice against either defendant or in favor of the other party. *Id.* In sum, the Fifth Circuit found that the judge's prior recusal did not indicate that a reasonable person would harbor doubts about the judge's impartiality in a subsequent case involving the parties. *Id.*

Additionally in *Hill*, the Fifth Circuit acknowledged that judges do not have to explain their

reasons for recusal. The plaintiff in *Hill* had motioned for the trial judge to recuse from the case, but the trial court denied the motion as untimely. *Hill v. Schilling*, 593 F. App'x 330, 333 (5th Cir. 2014). Later, the trial judge recused from the case *sua sponte* and did not articulate the reasons for the recusal. *Id.* Plaintiff argued on appeal that the motion to recuse should not have been denied because the judge's future recusal, without explanation, demonstrated that the judge had an unspecified conflict of interest throughout the case since there was not a material change in the case from the time the motion was made to the time the judge recused from the case *sua sponte*. *Id.* But the Fifth Circuit found the plaintiff provided no authority that required the judge to provide reasons for recusal. *Id.* at 334. Further, a judge's choice to not provide a reason for recusal does not show impartiality, because not providing a reason for recusal is standard practice. *Id.*; *Hill v. Schilling*, 578 F. App'x 456, 461 (5th Cir. 2014) (noting that the standard practice of recusal under 28 U.S.C. § 455 is not to disclose the reasons for recusal).

      Dr. Okorie states that "[w]hile the specific reasons for [the undersigned judge's] recusal in that case are not stated, the existence of this Order underscores the importance of ensuring an impartial judiciary and the necessity of addressing similar concerns in the present case." [36], p. 2. But the Fifth Circuit acknowledges that a judge does not have a duty to state the reasons for recusal, and the undersigned judge's choice to not do so does not show impartiality. *Hill*, 578 F. App'x at 461; *Hill*, 593 F. App'x at 334. Further, Dr. Okorie mainly argues that the existence of the recusal order underscores the need for the undersigned judge to do the same here. Not only is this statement baseless, but he has presented no evidence that any potential conflict the undersigned

10

judge had at the time of the prior recusal would still exist now.[2] *Parrish v. United States*, No. 12-3222, 2012 WL 6209049, at *5 (C.D. Ill. Dec. 13, 2012) (finding that "even if [the judge] recused herself from [a different] case for a conflict of interest, Petitioner presented no evidence that conflict of interest remained at the time of Petitioner's federal case.").

Accordingly, because Dr. Okorie has failed to show that the undersigned judge's prior recusal in a separate case is grounds for recusal in a subsequent case involving different parties, this ground for recusal is unfounded and this motion is denied.

---

[2] Within the Southern District of Mississippi, Dr. Okorie has been a party in 26 actions since 2017. The following is a list of those 26 actions: *Univ. Mall, LLC v. Okorie et al.*, 2:24-cv-89-TBM-RPM; *Okorie v. Wells Fargo Bank, Nat'l Ass'n et al.*, 1:22-cv-40-TBM-BWR; *Okorie v. Citizens Fin. Grp. Inc. et al.*, 2:24-cv-50-TBM-RPM; *Okorie v. Lentz et al.*, 2:24-cv-21-TBM-RPM; *Okorie v. Forrest Gen. Hosp. et al.*, 2:23-cv-190-TBM-RPM; *Okorie v. Foxworth et al.*, 2:24-cv-35-TBM-RPM; *Okorie v. Poncho*, 2:24-cv-52-TBM-RPM; *Okorie v. First Bank et al.*, 2:24-cv-111-TBM-RPM; *Okorie v. Univ. Mall, LLC et al.*, 2:24-cv-63-TBM-RPM; *Okorie v. Citizens Fin. Grp., Inc., et al.*, 2:23-cv-100-TBM-RPM; *Univ. Mall, LLC v. Okorie et al.*, 2:24-cv-91-KS-MTP; *Okorie et al. v. Ace Funding Source, LLC et al.*, 2:17-cv-2-KS-MTP; *Okorie et al. v. ML Factors, LLC*, 2:17-cv-98-KS-MTP; *Okorie et al. v. Ram Cap. Funding, LLC et al.*, 2:17-cv-192-KS-MTP; *Okorie v. Lentz et al.*, 2:24-cv-51-KS-MTP; *Okorie v. Lentz*, 2:24-cv-30-KS-MTP; *Okorie v. PriorityOne Bank et al.*, 2:24-cv-47-KS-MTP; *Okorie v. Wells Fargo Bank et al.*, 2:24-cv-61-HSO-BWR; *Okorie v. Lentz*, 2:24-cv-17-HSO-BWR; *Okorie v. Lentz et al.*, 2:24-cv-20-HSO-BWR; *Okorie v. Chowdhury et al.*, 2:23-cv-172-HSO-BWR; *Okorie v. Citizens Bank et al.*, 2:23-cv-173-HSO-RPM; *Okorie v. First Bank et al.*, 2:24-cv-46-HSO-BWR; *Okorie v. PriorityOne Bank*, 2:23-cv-104-HSO-BWR; *Okorie v. Crawford et al.*, 3:17-cv-537-CWR-FKB; and *Okorie v. Mississippi Bd. of Med. Licensure et al.*, 3:18-cv-179-TSL-RHW.

Of the listed 26 actions, the undersigned has previously or is now presiding over 10 of them. After review of those 10 actions, there are over 20 different "attorney[s] to be noticed" on the dockets. The Court does note that judges may have a reason to recuse from a case because of one very specific party or attorney, and this reason does not require recusal from all future cases involving all parties to that one prior case when there was only one attorney or party that necessitated recusal. Furthermore, judges are required to update their recusal lists and continually remove or add individuals or entities to those lists routinely.

11

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that *pro se* Plaintiff Dr. Ikechukwu Hyginus Okorie's Motion [36] for Recusal is DENIED.

SO ORDERED AND ADJUDGED, this the 5th day of August, 2024.

                              **TAYLOR B. McNEEL**
                              **UNITED STATES DISTRICT JUDGE**