UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

IKECHUKWU HYGINIUS OKORIE                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2-24-CV-35-TBM-RPM

ANDREW FOXWORTH et al                                                  DEFENDANT

## ORDER DENYING MOTION TO CONSOLIDATE

Before the Court is Plaintiff Ikechukwu Okorie's motion to consolidate this lawsuit with *University Mall, LLC v. Ikechukwu Okorie, et al*, Civil Action No. 2:24-cv-91-KS-MTP.  Doc. [60].  Okorie argues the cases involve common facts, parties, and interests.[1]  Defendants oppose the motion.

Rule 42(a) of the Federal Rules of Civil Procedure permits a district court to consolidate pending lawsuits when they involve a common question of law or fact, and consolidation would "avoid unnecessary costs or delay."  *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans*, 712 F.2d 978, 989 (5th Cir. 1983).  The decision to consolidate is left to the district court's discretion.  *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992).  Consolidation is proper when it furthers judicial economy and the convenience of the parties.  *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 990. *See also EEOC v. HBE Corp.*, 135 F.3d 543, 550-51 (8th Cir. 1998) (finding that consolidation is appropriate to "avoid unnecessary cost or delay," but that it "is inappropriate… if it leads to inefficiency, inconvenience, or unfair prejudice to a party.").  The party seeking consolidation has the burden to show common factual and legal issues; and the Court must examine "the special underlying facts" with "close

---

[1] It appears Okorie has filed two separate replies supporting his motion to consolidate.  *See* Doc. [62] [63].  He did not seek leave of court to supplement his initial reply.  The second reply should be disregarded as improperly filed.

attention" before ordering consolidation. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993).

Although both lawsuits involve a dispute over the same real property, the legal theories and parties to the two cases diverge. In the instant lawsuit, Okorie alleges that Defendants engaged in unlawful foreclosure practices. By contrast, in the *University Mall* litigation, University Mall seeks possession of the foreclosed property through an unlawful entry and detainer action against Okorie. An unlawful detainer action is "meant to be a summary remedy. It exists to provide a party the ability to obtain possession of a piece of property when another party withholds possession after his claim of right has expired." *Gandy v. Citicorp*, 985 So. 2d 371, 373 (Miss. App. 2008). "Such an action does not prevent a separate action being filed to determine ownership of the property." *Id.* An unlawful entry and detainer action is an eviction proceeding and not an equity proceeding regarding the validity of the foreclosure or ownership of the property. *Harvey v. Fed. Nat'l Mortg. Ass'n*, 200 So.3d 461, 464-65 (Miss.Ct.App. 2016) (holding that counterclaim to remove cloud on title was procedurally improper in an unlawful entry and detainer action). Consolidating an unlawful detainer and wrongful foreclosure action could "undermine[] the 'special summary nature' and purpose of an unlawful detainer action because it would muddy the 'sole issue' in an unlawful detainer, which is possession." *Bank of America v. Pennington-Thurman*, 2015 WL 5518728, at *4 (E.D.Mo. Sept. 17, 2015).

In addition to presenting distinct legal theories and remedies, the parties to the two lawsuits are not identical. Okorie is a party in both lawsuits. He is a plaintiff in the instant action and a defendant in the *University Mall* litigation. However, Defendants to the instant lawsuit, Andrew Foxworth and Citizens Bank, are not parties to the *University Mall* litigation. Likewise, the sole plaintiff in the *University Mall* litigation is not a party to the instant lawsuit.

The Court finds that, given the distinct legal issues and different parties involved in these two lawsuits, consolidation would not promote judicial economy or the parties' interests.  Nor would consolidation avoid unnecessary cost or delay.  Accordingly, the Court finds Okorie's motion to consolidate should be denied.

    IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [60] Motion to Consolidate is DENIED.

    SO ORDERED AND ADJUDGED, this the 28th day of October 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE