IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

IKECHUKWU HYGINIUS OKORIE                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 2:24-cv-35-TBM-RPM

ANDREW FOXWORTH, *et al.*                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Dr. Okorie brings this case against Chancellor Sheila H. Smallwood, Chapter 7 Bankruptcy Trustee Kimberly Lentz, the Bankruptcy Trustee's attorney Paul Murphy, Citizens Bank, Citizens Bank's attorney Andrew Foxworth, and Andrew Foxworth's law firm, Foxworth & Shepard, P.A., alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), Fraud on the Court, and intentional infliction of emotional distress. Dr. Okorie's claims arise from Citizens Bank's alleged pre-foreclosure actions and Dr. Okorie's quiet title lawsuit before Chancellor Smallwood in the Chancery Court of Forrest County, Mississippi.

Now before the Court is Chancellor Smallwood's Motion to Dismiss [3] for lack of jurisdiction and failure to state a claim; a Motion to Dismiss [34] for lack of jurisdiction and failure to state a claim brought by the Bankruptcy Trustee and the Trustee's Attorney; and a Motion to Dismiss [37] for lack of jurisdiction and failure to state a claim brought by Citizens Bank, Andrew Foxworth, Foxworth & Shepard, P.A. Dr. Okorie has also filed a Motion to Clarify [59], a Motion ensure all proceedings are conducted in open court [64], a Motion for Reconsideration [71], a Supplemental Motion to Stay Proceedings or Injunctive Relief [72], a Motion for Emergency Stay

of Execution of Writ of Possession [74], an Emergency Motion for Reconsideration [75], a Motion for Judicial Notice [76], and a second Motion for Judicial Notice [77].

For the reasons discussed below, the Motions to Dismiss [3], [34], [37] are granted. Dr. Okorie's Motion to Clarify [59], Motion ensure all proceedings are conducted in open court [64], Motion for Reconsideration [71], Supplemental Motion to Stay Proceedings or Injunctive Relief [72], Motion for Emergency Stay of Execution of Writ of Possession [74], Emergency Motion for Reconsideration [75], Motion for Judicial Notice [76], and a second Motion for Judicial Notice [77] are moot.[1]

## I. BACKGROUND

This action arises out of Citizens Bank's pre-foreclosure conduct regarding the property located at 3700 Hardy Street, in Hattiesburg and Dr. Okorie's quiet title lawsuit before Chancellor Smallwood. *See* [1], p. 2. Located at the property was Inland Family Practice, which was a medical clinic owned and operated by Dr. Okorie, that did business as St. Michael's Urgent Care of Hattiesburg. *Id.* On February 21, 2024, Citizens Bank, through its attorney, sent Dr. Okorie a letter notifying him of their intention to foreclose on Dr. Okorie's property. *Id.* Dr. Okorie claims he disputed Citizens Bank's ownership of the alleged debt, and sent written communications to Citizens Bank to correct such. *Id.* at 4. He claims that when he sent written communications pointing out errors, Citizens Bank failed to make appropriate corrections and failed to conduct reasonable investigations into his request. *Id.* at 5. Citizens Bank and its attorneys represented to

---

[1] Dr. Okorie has multiple lawsuits pertaining to this property. As the Defendants have acknowledged, since filing his first motion to stay the foreclosure proceeding related to this property in June of 2023, "Dr. Okorie has filed more than 126 complaints, motions, objections, responses, and replies." [38], p. 1 n.1; [35], n.1. Accordingly, Dr. Okorie is advised that the Court will not tolerate contumacious conduct and vexatious filings that clog the docket. *See Farguson v. Mbank Houston*, 808 F.2d 358, 360 (5th Cir. 1986) (discussing the court's inherent power "to protect its jurisdiction and judgments and to control its docket.").

Dr. Okorie and to the courts that Dr. Okorie's alleged loan had unpaid balances. *Id.* at 7. Additionally, Citizens Bank and its attorneys also allegedly made "First Filings" without properly evaluating Dr. Okorie's alleged default. *Id.* at 6.

Dr. Okorie also asserts that the remaining Defendants "either acquiesced and/or failed to check Citizens Bank's attempt to foreclose Dr. Okorie's property . . ." *Id.* Dr. Okorie further claims that the remaining Defendants "relied on Citizens Bank and its attorneys' misrepresentations to make critical decisions in the course of their duties. Specifically, [the] remaining Defendants failed to ensure Citizens Bank and its attorneys proved the existence and validity of the alleged debts [of Dr. Okorie]." *Id.* at 9. Dr. Okorie asserts that his ownership rights to the property are threatened by the Defendants' adverse claims. *Id.* at 4. As a result, Dr. Okorie filed this *pro se* action against the Defendants.

## II. STANDARD OF REVIEW

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). Because the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). When a Rule 12(b)(1) motion is filed alongside other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the

merits. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 304–305 (5th Cir. 2021). In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hester*, 11 F.4th at 305 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570). The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). "The issue is not whether the plaintiff[] will ultimately prevail, but whether [he is] entitled to offer evidence to support [his] claim[s]." *Cook v. City of Dallas*, 683 F. App'x 315, 318 (5th Cir. 2017) (citation omitted). Accordingly, the Court must determine whether the plaintiff has sufficiently alleged the elements of his action. *See Thompson v. Greyhound Lines, Inc.*, No. 3:12-cv-851-WHB, 2013 WL 12090328, at *3 (S.D. Miss. Jun. 12, 2013) ("arguments that attack the merits of a plaintiff's claims, rather than their sufficiency, are not relevant to the failure

to state a claim analysis. The pertinent question for the Rule 12(b)(6) inquiry is whether Plaintiff has alleged the elements of the claims asserted.") (internal citations and quotations omitted).

### III. MOTIONS TO DISMISS

The Court begins with Chancellor Smallwood's Motion to Dismiss [3] and the Bankruptcy Trustee and the Trustee's Attorney's Motion to Dismiss [34]. The Court will then address Citizens Bank, Andrew Foxworth, and Foxworth & Shepard, P.A.'s Motion to Dismiss [37].

### A. Chancellor Smallwood's Motion to Dismiss [3]

Dr. Okorie has sued Chancellor Smallwood in her official and individual capacity. Chancellor Smallwood moves to dismiss all of Dr. Okorie's claims against her for lack of jurisdiction and failure to state a claim under Rule 12(b)(1) and (6). Chancellor Smallwood asserts that she is entitled to immunity afforded to her under the Eleventh Amendment, absolute judicial immunity, and the *Rooker-Feldman* Doctrine. The Court agrees. For the reasons discussed below, Chancellor Smallwood's Motion to Dismiss [3] is granted.

#### 1. Eleventh Amendment

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Under the Eleventh Amendment, the state, its agencies, and its officers, are immune from lawsuits in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). "A state's sovereign immunity extends to so-called arms of the state, entities which are effectively the state itself because the state is the real, substantial party in interest to the lawsuit." *Hopkins v. Wayside Sch.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9,

2024) (citations and quotations omitted). A claim against a state official acting in her official capacity is treated as a claim against the state itself. *Kentucky*, 473 U.S. at 166. And the Fifth Circuit has expressly recognized that state court judges are entitled to Eleventh Amendment immunity when sued in their official capacities. *Frey v. Bordis*, 286 F. App'x 163, 165 n.2 (5th Cir. 2008) (stating that the Eleventh Amendment bars claims against Mississippi judges sued in their official capacities). The Eleventh Amendment also precludes certain suits in federal court unless the "state has waived its sovereign immunity[,]" "Congress has clearly abrogated it[,]" or "the *Ex parte Young* exception" applies. *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020).

Mississippi has expressly preserved its right to sovereign immunity under the Eleventh Amendment, and any exception to the Eleventh Amendment's immunity does not apply. *See Delaney v. Mississippi Dep't of Pub. Safety*, No. 3:12-cv-229-TSL-MTP, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013), *aff'd*, 554 F. App'x 279 (5th Cir. 2014) (citing MISS. CODE ANN. § 11-46-3(1) (providing that "the 'state' and its 'political subdivisions,' . . . are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity.")); *see also Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020) (quoting MISS. CODE ANN. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.")).

Dr. Okorie claims that Chancellor Smallwood "either acquiesced and/or failed to check Citizens Bank's attempt to foreclose Dr. Okorie's property . . ." [1], p. 5. He also claims Chancellor Smallwood "relied on Citizens Bank and its attorneys' misrepresentations to make critical

decisions in the course of their duties. Specifically, [Chancellor Smallwood] failed to ensure Citizens Bank and its attorneys proved the existence and validity of the alleged debts [of Dr. Okorie]." [1], p. 9. But still "[t]he Fifth Circuit has expressly recognized that state court judges are entitled to Eleventh Amendment immunity when sued in their official capacities." B*ennett v. Bailey*, No. 1:23-cv-67-GHD-DAS, 2023 WL 7134926, at *3 (N.D. Miss. Oct. 30, 2023) (citing *Davis v. Tarrant County*, 565 F.3d 214, 228 (5th Cir. 2009)). Furthermore, the *Ex Parte Young* exception does not apply because Dr. Okorie does not seek prospective injunctive relief. *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (stating that the *Ex Parte Young* exception "applies to suits that allege a violation of federal law that are 'brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect.'"). For these reasons, Chancellor Smallwood is entitled to Eleventh Amendment immunity for the official capacity claims asserted against her.

### 2. Judicial immunity

Judges in our legal system receive absolute judicial immunity. *Phan v. Hanen*, No. 23-20598, 2024 WL 3593902, at *1 (5th Cir. Jul. 31, 2024) (per curiam). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* (internal quotation marks and citation omitted). With respect to whether acts are nonjudicial in nature, the Fifth Circuit applies four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Here, the four factors demonstrate that Chancellor Smallwood acted within the scope of her judicial capacity. To be sure, Dr. Okorie has alleged no action taken by Chancellor Smallwood outside of her official capacity as a judge. The precise acts complained of are that Chancellor Smallwood "either acquiesced and/or failed to check Citizens Bank's attempt to foreclose Dr. Okorie's property . . ." [1], p. 5. Chancellor Smallwood "relied on Citizens Bank and its attorneys' misrepresentations to make critical decisions in the course of their duties. Specifically, [Chancellor Smallwood] failed to ensure Citizens Bank and its attorneys proved the existence and validity of the alleged debts [of Dr. Okorie]." *Id.* at 9.

Thus, the first factor weighs against Dr. Okorie given that presiding over court proceedings and the entry of judicial orders are unquestionably normal judicial functions. *See Frey v. Bordis*, 286 F. App'x 163, 165 n.2 (5th Cir. 2008) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."); *Bordages v. McElroy*, 952 F. Supp. 499, 503 (S.D. Tex. 1996) ("Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction.") (citation omitted). Additionally, the act occurred in the courtroom where Dr. Okorie sued in the Forrest County Chancery Court to quiet title, and the controversy was centered around Dr. Okorie's case before Chancellor Smallwood. Lastly, the acts arose directly out of Dr. Okorie's visit to the courtroom given that Chancellor Smallwood presided over Dr. Okorie's Chancery Court case where he sued Citizens Bank. After evaluating all aspects of what was complained of, Dr. Okorie's claims are based on his disagreement with how Chancellor Smallwood handled his case, but "disagreement with the action taken by the judge [] does not justify depriving that judge of [her] immunity." *Stump v. Sparkman*, 435 U.S. 349, 363, 98 S. Ct.

1099, 55 L. Ed. 2d 331 (1978); *see also Hafer v. Melo*, 502 U.S. 21, 29, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("judges carrying out their judicial functions" enjoy "absolute immunity . . . for their official actions."). Thus, taking Dr. Okorie's allegations against Chancellor Smallwood as true, his suit against Chancellor Smallwood is barred.[2] *See Rheuark v. Shaw*, 628 F. 2d 297, 303-04 (5th Cir. 1980) (holding that a judge is entitled to judicial immunity even if his actions deprived criminal defendant of due process); *Sekumade v. Ellisor*, No. 4:10-cv-3604, 2011 WL 797574, at *4 (S.D. Tex. Mar. 1, 2011) (granting motions to dismiss where claims against judge were barred by judicial immunity).

For the reasons stated above, Chancellor Smallwood's Motion to Dismiss [3] is granted.

## B. Bankruptcy Trustee's and the Trustee's Attorney's Motion to Dismiss [34]

The Bankruptcy Trustee and the Trustee's Attorney argue that this Court lacks subject matter jurisdiction under the *Barton* doctrine where Dr. Okorie was required, but failed, to obtain permission from the bankruptcy court before filing this action against them. [34], p. 5. The Bankruptcy Trustee and the Trustee's Attorney also argue that Dr. Okorie's claims are not facially plausible and must be dismissed under Rule 12(b)(6). The Court agrees and Dr. Okorie's claims against the Bankruptcy Trustee and the Trustee's Attorney are dismissed.

In *Barton v. Barbour*, 104 U.S. 126, 127 26 L. Ed. 672 (1881), the United States Supreme Court held,

[I]n cases of bankruptcy, many incidental questions arise while administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their

---

[2] To the extent Dr. Okorie seeks reversal of Chancellor Smallwood's order, such is barred under the *Rooker-Feldman* doctrine. *See Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir. 1985) ("It is a well-settled principle that a plaintiff may not seek a reversal in federal court of a state court judgment simply by casting his complaint in the form of a civil rights action."); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 n.3 (5th Cir. 2013) ("*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because reversal of the state court's foreclosure judgment would be a necessary part of the relief requested.") (citations and internal quotations omitted).

> facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control.

*Barton*, 104 U.S. at 134. Under the *Barton* doctrine, the Fifth Circuit has acknowledged that "an individual or entity may be required to obtain leave of the bankruptcy court before filing claims in another court 'against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity' in a bankruptcy proceeding, even if the bankruptcy court would not have jurisdiction to actually adjudicate those claims." *In re Highland Cap. Mgmt., L.P.*, No. 23-10534, 2025 WL 841189, at *5 (5th Cir. Mar. 18, 2025) (citing *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015) (citation omitted)). The first exception to this doctrine, and inapplicable to this case, is the business exception—which is statutory in nature and generally applies when a receiver or trustee is operating a business from which a stranger to the bankruptcy process is harmed. *See* 28 U.S.C. § 959(a). Under the second exception, the *Barton* doctrine does not apply to ultra vires acts, which are acts outside the scope of the person's official duties. *In re Foster*, No. 22-10310, 2023 WL 20872, at *5 (5th Cir. Jan. 3, 2023), *cert. denied sub nom. Foster v. Aurzada*, 144 S. Ct. 332, 217 L. Ed. 2d 173 (2023).

The bankruptcy court may even gatekeep certain claims even after the bankruptcy proceeding has concluded. *Highland Cap. Mgmt., L.P.*, 2025 WL 841189, at *5 (citation omitted). In other words, without leave of the appointing court, another court has "no jurisdiction to entertain a suit." *Barton*, 104 U.S. at 131.

Here, Dr. Okorie asserts that he "did not need to seek leave of the Bankruptcy Court to file the instant case in this Court." [41], p. 4. He also argues that the ultra vires acts exception to the *Barton* doctrine applies here. The Court disagrees. "Under [the *Barton*] doctrine, before a plaintiff can sue a bankruptcy trustee, or a court-approved professional employed by a bankruptcy trustee

such as counsel for the trustee, in a forum other than the appointing court, leave of the appointing court must be obtained." *In re Foster*, No. 22-10310, 2023 WL 20872, at *5 (5th Cir. Jan. 3, 2023), *cert. denied sub nom. Foster v. Aurzada*, 144 S. Ct. 332, 217 L. Ed. 2d 173 (2023). Additionally, although Dr. Okorie attempts to couch the Bankruptcy Trustee's alleged acts as outside the scope of her authority as trustee, he has not alleged any facts supporting his contention. And the Court does not accept conclusory allegations as true. *See Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). Nonetheless, Dr. Okorie argues in his response that the Bankruptcy Trustee went outside her duties to initiate the sale of his property in his brief. [41], p. 3. But even this is a largely conclusory allegation, and Dr. Okorie does not explain or provide any law to support how the Trustee's actions were outside the scope of the Trustee's official duties. Selling property is certainly a part of such duties. Instead, Dr. Okorie seems to really just be upset that the Trustee initiated the sale at all.

Conversely, given that Dr. Okorie did not seek leave from the bankruptcy court before filing this lawsuit, dismissal under the *Barton* doctrine is warranted. *See Merkle v. Gragg*, No. SA-20-cv-00541-XR, 2020 WL 5209538, at *5 (W.D. Tex. Aug. 31, 2020) (dismissal was appropriate where plaintiff did not receive permission from the bankruptcy court before suing the trustee); *Satterfield v. Malloy*, No. 10-cv-03-TCK-FHM, 2011 WL 2293940, at *6 (N.D. Okla. Jun. 8, 2011), *aff'd*, 700 F.3d 1231 (10th Cir. 2012) (claims were subject to dismissal pursuant to the *Barton* doctrine because neither *Barton* exception was applicable to this case and it is "undisputed that [p]laintiff did not obtain leave from the bankruptcy court before filing suit").

11

For the reasons stated above, Dr. Okorie's claims against the Bankruptcy Trustee and the Trustee's Attorney are dismissed.

## C. Citizens Bank, Andrew Foxworth, Foxworth & Shepard, P.A.'s Motion to Dismiss [37]

Citizens Bank, Andrew Foxworth, and Foxworth & Shepard, P.A.'s Motion to Dismiss [37] asserts that Dr. Okorie does not have jurisdiction to assert his RESPA and FDCPA claims because the statutes do not apply to his loan, and Dr. Okorie has failed to state a claim for "Fraud on the Court" and intentional infliction of emotional distress. The Court agrees.

### 1. Real Estate Settlement Procedures Act

"RESPA is a consumer protection statute that, in relevant part, obligates a covered loan servicer to respond to a borrower's qualified written requests." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987 (5th Cir. 2019) (citing 12 U.S.C. § 2605(e)). "A qualified written request is a written request for information relating to the servicing of [a] loan. *Id.* (citing § 2605(e)(1)(A)). "When a borrower sends a qualified written request, the loan servicer must, among other actions, return a written response acknowledging receipt of the correspondence." *Id.* (citing § 2605(e)(2)(A)–(C)). Additionally, to state a claim, a plaintiff must plead actual damages. *Robins v. PHH Mortgage Corp.*, No. 4:20-cv-1163, 2020 WL 5604042, at *4 n.3 (S.D. Tex. Sep. 18, 2020) (citing *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014).

Dr. Okorie's RESPA claim fails because RESPA "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes . . ." *Pearson v. JP Morgan Chase Bank, N.A.*, No. 4:18-cv-627, 2019 WL 2057223, at *2 (E.D. Tex. May 9, 2019). The "principal purpose of RESPA is to protect home buyers from material nondisclosures in settlement statements and abusive practices in the settlement process." *Cortez*

*v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, at *10 (E.D. Pa. May 2, 2000). Dr. Okorie does not allege that this was his home and that he resided at this property. In fact, he says he resides in Frisco, Texas. [1], p. 1. The property from which Dr. Okorie bases his RESPA claim from housed Inland Family Practice, which did business as St. Michael's Urgent Care of Hattiesburg. [1], p. 2. Because Dr. Okorie's RESPA claim is based on the property where he housed his medical practice, it is clear to the Court that the credit transaction was primarily for business purposes. Thus, RESPA does not apply to Dr. Okorie's loan. *See Atuahene v. Sears Mortg. Corp.*, No. CIV.A. 98-930, 2000 WL 134326 (E.D. Pa. Feb. 4, 2000) (dismissing RESPA claim where plaintiff failed to carry his burden to show that his dispute avoided the business purpose exemption of RESPA); *Rau v. Calvert Invs., LLC*, No. 19-10822, 2019 WL 6339817, at *5 (E.D. Mich. Nov. 27, 2019) (citing 12 C.F.R. § 1024.5(b)(2) (exempting "[b]usiness purpose loans . . . for . . . commercial purposes" from RESPA)). For the reasons stated above, Dr. Okorie's RESPA claim is dismissed.

### 2.  Fair Debt Collection Practices Act

"The FDCPA's purpose is to eliminate abusive debt collection practices by debt collectors. Because Congress clearly intended the FDCPA to have a broad remedial scope, it should be construed broadly and in favor of the consumer." *Manuel v. Merchants & Pro. Bureau, Inc.*, 956 F.3d 822, 826 (5th Cir. 2020) (internal citations and quotations omitted). "To state a claim under the FDCPA, Dr. Okorie must show (1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA." *Douglas v. Select Portfolio Serv., Inc.*, No. 4:14-cv-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015); *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581 (5th Cir. 2020) (citing *Douglas* as stating elements of

FDCPA claim). In relevant part, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

Dr. Okorie's FDCPA claim fails because FDCPA does not apply to his loan given that the property concerns a commercial loan and not a consumer loan. *See Johnas v. Broyles*, No. 23-cv-8994-PKC-MMH, 2025 WL 80546, at *5 (E.D.N.Y. Jan. 13, 2025) (citing *Sanchez v. Hoosac Bank*, No. 12-cv-8455-ALC, 2014 WL 1326031, at *4 (S.D.N.Y. Mar. 31, 2014) (dismissing FDCPA claim where "[t]he loans at issue . . . were clearly commercial loans, as indicated on the loan agreements as each loan entered was a 'business loan agreement,' secured by a 'commercial promissory note.'")); *Hall v. Phenix Investigations*, 642 F. App'x 402, 405 (5th Cir. 2016) (finding that the FDCPA does not apply to commercial debt collection practices); *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 134-36 (5th Cir. 1995) (collection efforts related to personal guaranty of business debt are not "debts" within the meaning of the FDCPA because they are not for personal purposes).[3]

Even if the FDCPA applied to Dr. Okorie's loan, he has failed to allege a claim because he fails to allege facts to plausibly plead that the Defendants are debt collectors as defined by the FDCPA. [1], p. 7. Dr. Okorie alleges that he has been subject to Citizens Bank's "attempt[s] to collect the alleged loan." *Id*. He alleges that "Citizens Bank is a debt collector as defined by the FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or

---

[3] On June 3, 2021, Dr. Okorie and Citizens Bank restructured and combined the property loan with an equipment loan guaranteed by Dr. Okorie. *See Univ. Mall, LLC v. Okorie*, No. 2:24-cv-91-KS-MTP, 2024 WL 4862986, at *7 (S.D. Miss. Nov. 21, 2024); *see also MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court.").

due or asserted to be owed or due another and its collection activities are covered by the FDCPA."
[1], p. 7. But such allegations are insufficient because "the term 'debt collector' specifically refers
to those who are collecting a debt on behalf of another. It does not apply to creditors—like [Citizens
Bank]—who are collecting their own debts." *Rushing v. Exter Fin. LLC*, No. 3:22-cv-1704-G, 2022
WL 17083660, at *3 (N.D. Tex. Oct. 26, 2022), *report and recommendation adopted*, No. 3:22-cv-
1704-G, 2022 WL 17084143 (N.D. Tex. Nov. 17, 2022); *see also Perry v. Stewart Title Co.*, 756 F.2d
1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a
mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the
time it was assigned."); *Bent v. Mackie Wolfe Zientz & Mann, P.C.*, No. 3:13-cv-2038-D, 2013 WL
4551614, at *3 (N.D. Tex. Aug. 28, 2013) ("Plaintiffs' assertion that Defendant undertook the role
of 'debt collector' is a legal conclusion that courts are not bound to accept as true."); *see Montes v.
Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions
masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

Because Dr. Okorie does not plausibly plead that any of the named Defendants are debt
collectors as defined by the FDCPA, he fails to state a claim for relief warranting dismissal. *See
Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (the defendant was not
a debt collector, and it was therefore not subject to the FDCPA); *Horton v. M & T Bank*, No. 4:13-
cv-525-A, 2013 WL 6172145, at *9 (N.D. Tex. Nov. 22, 2013) (because "plaintiffs quoted the
FDCPA definition of 'debt collector' ... but directed the court to no facts in the second amended
complaint that support an allegation that Bank Defendants fall within that definition," the court
dismissed their FDCPA claims). For the reasons stated above, Dr. Okorie's FDCPA claim is
dismissed.

**3. Fraud on the Court**

"Fraud upon the court" is reserved for only the most egregious misconduct and requires a showing of 'an unconscionable plan or scheme which is designated to improperly influence the court in its decision.'" *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). It is ordinarily not a cause of action that is asserted. Instead, it is a basis to set aside a judgment pursuant to Rule 60(d)(3). That is not what Dr. Okorie seeks though.[4] He only seeks millions of dollars as his remedy. On this basis alone, Dr. Okorie's claim is not valid. But to the extent he is bringing a traditional fraud claim in this veil, his claim also fails.

Dr. Okorie alleges that the Defendants "committed an intentional fraud through misrepresentation of material facts." [1], p. 8. Allegedly, Citizens Bank and its attorneys misrepresented that Dr. Okorie "has a pending and/or unsettled debt[,]" and "they have received more than $300,000.00 from Dr. Okorie since the filing of the bankruptcy petition." *Id.* He also alleges that Citizens Bank, and its attorneys "intended to defraud Dr. Okorie of his property, by making said misrepresentations[,]" and that "these misrepresentations were directed at the Court itself, and the Court was deceived by these misrepresentations." *Id.* at 9. Further, Dr. Okorie alleges that Chancellor Smallwood, the Bankruptcy Trustee, and the Trustee's Attorney, "relied

---

[4] This Court notes that "[w]hether relief should be granted based on fraud on the court under Rule 60(d) is committed to the sound discretion of the district court, and district courts are given wide discretion in denying such motions." *Buck v. Thaler*, 452 Fed. Appx. 423, 431 (5th Cir. 2011) (internal citations omitted). As defined, fraud on the court includes acts "such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated . . ." *Id.* at 1338 (citation omitted). A "narrow concept," fraud upon the court should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Johns-Manville*, 873 F.2d at 872 (internal citations omitted). The fraud upon the court must be proven by clear and convincing evidence. *See Rozier*, 573 F.2d at 1338 ("one who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden to provide the assertion by clear and convincing evidence.") (internal citations omitted).

on Citizens Bank and its attorneys' misrepresentations[,]" and "failed to ensure Citizens Bank and its attorneys proved the existence and validity of the alleged debts." *Id.* He also alleges that the remaining Defendants "appeared to either acquiesce and/or failed to check Citizens Banks and its attorneys' attempt to foreclose [his] property based on a non-existing alleged debt, even in the existence of an automatic stay." *Id.*

Here, Dr. Okorie allegations are too vague to meet the pleading standard. To assert a viable fraud cause, the plaintiff must at a minimum identify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). And Dr. Okorie fails to explain really what the representation at issue actually was or how the representation was false. Dr. Okorie makes broad accusations about the Defendants' fraudulent conduct. "Plaintiffs' broad, conclusory allegations as to [Defendant], based solely on his position, are insufficient to meet the heightened pleading standard enumerated under Rule 9(b)." *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 786 (S.D. Tex. 2012). In fact, many similar blanket allegations have been rejected by other courts,[5] and Dr. Okorie is now simply reasserting allegations to achieve a different result. This Court is not inclined to grant such baseless relief.

For the reasons stated above, Dr. Okorie's Fraud on the Court claim is dismissed.

---

[5] *See In re Okorie*, No. 19-50379-KMS, 2023 WL 7311173, *3 (Bankr. S.D. Miss. Nov. 6, 2023) (setting forth detailed facts and history of the case), *aff'd*, No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024); *Univ. Mall, LLC v. Okorie*, No. 2:24-cv-91-KS-MTP, 2024 WL 4862986, at * 1 (S.D. Miss. Nov. 21, 2024) ("Defendant Okorie steadfastly declines to acknowledge multiple events emanating from his February 2019 bankruptcy filing that impacted legal possessory interest in 3700 Hardy Street, ultimately leading to the March 2024 foreclosure sale by Citizens Bank.").

**4.  Intentional Infliction of Emotional Distress**

A claim for intentional infliction of emotional distress requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013). Thus, to state a claim for intentional infliction of emotional distress, a plaintiff must show that: (1) the "defendant acted willfully or wantonly towards the plaintiff by committing certain described actions; (2) the defendant's acts are ones which evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant." *Pointer v. Rite Aid Headquarters Corp.*, 327 So.3d 159, 170 (Miss. Ct. App. 2021) (internal citations omitted). As a result, "meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Montgomery*, 955 F. Supp. 2d at 653 (citation omitted).

Here, Dr. Okorie asserts that the "Defendants ought to have reasonably known that their actions and/or inactions would cause severe harm on [him]" [1], p. 9. He claims that Citizens Bank used inaccurate information to assert non-existent loans and the remaining Defendants either "acquiesced and/or failed to check" Citizens Bank's attempt to foreclosure on the Property. *Id.* at 8.  He alleges that such conduct was extreme and outrageous. In support of his claim, Dr. Okorie claims that "the Defendants failed to consider the adverse effects of their actions and/or inactions on Dr. Okorie. Notably, they failed to acknowledge the fact that such conduct would make Dr. Okorie to suffer damages, including loss of income and damage to his professional reputation." *Id.*

at 9. These *conclusory* allegations alone fail to show that Citizens Bank's attempts to enforce its rights under the loans were unlawful because "liability for intentional infliction of emotional distress will not be imposed upon an actor doing no more than exercising his legal rights." *Senseney v. Mississippi Power Co.*, 914 So. 2d 1225, 1230 (Miss. Ct. App. 2005). And these conclusory allegations fail to show conduct by the Defendants that would constitute as "outrageous and extreme in character as to be intolerable in a civilized society." *Montgomery*, 955 F. Supp. 2d at 653; *Orr v. Morgan*, 230 So.3d 368, 376 (Miss. Ct. App. 2017) (explaining that "Mississippi's standard for a claim of intentional infliction of emotional distress is very high," and finding that even when defendants may have acted with malice, such conduct nevertheless does not rise to the level required to support a finding of intentional infliction of emotional distress); *Beauchene v. Mississippi Coll.*, 986 F. Supp. 2d 755, 765 (S.D. Miss. 2013) (dismissing intentional infliction of emotional distress claim where plaintiff "merely provides one statement, claiming, '[b]y its actions, omissions, and extreme and outrageous conduct, [the defendant] defamed and has intentionally and negligently inflicted emotional distress upon [the plaintiff].'"). Dr. Okorie's claim is dismissed with prejudice for failure to state a claim.

For the reasons stated above, the Motion to Dismiss [37] is granted and Dr. Okorie's claims are dismissed.[6]

---

[6] The Court has considered each motion, and those not addressed would not have changed the outcome. Therefore, all pending motions are denied as moot. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."); *New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (same) (citation and quotations omitted); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 614 (6th Cir. 2009) (district court did not err in denying plaintiff's motion for preliminary injunction in light of dismissal of complaint).

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Chancellor Sheila Smallwood's Motion to Dismiss [3] is GRANTED. Because Chancellor Smallwood is entitled to immunity under the Eleventh Amendment, the claims asserted against her in her official capacity are dismissed without prejudice. Similarly, Chancellor Smallwood is also entitled to judicial immunity for the individual capacity claims asserted against her and those claims are dismissed with prejudice. Dr. Okorie's Motion for Leave to File a Sur-reply [20] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants Kimberly Lentz and Paul Murphy's Motion to Dismiss [34] is GRANTED. Dr. Okorie's claims asserted against them are dismissed without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants Citizens Bank, Andrew Foxworth, and Foxworth & Shepard, P.A.'s Motion to Dismiss [37] is GRANTED. Dr. Okorie's claims asserted against them are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Motion to Clarify [59] is MOOT.

IT IS FURTHER ORDERED that Dr. Okorie's Motion ensure all proceedings are conducted in open court [64] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Motion for Reconsideration [71] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Supplemental Motion to Stay Proceedings or Injunctive Relief [72] and Motion for Emergency Stay of Execution of Writ of Possession [74] are MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Emergency Motion for Temporary Restraining Order [75] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Motions for Judicial Notice [76], [77] are MOOT.

SO ORDERED AND ADJUDGED this the 31st day of March, 2025.


          **TAYLOR B. McNEEL**
          **UNITED STATES DISTRICT JUDGE**